# N. Y. COMMON PLEAS.

PHILIP DUGAN and another agt. MARY C. BROPHY, MICHAEL T. BROPHY, JAMES CROW, EDWIN TERRY and others.

*Form of notice under mechanic's lien law.*

The statutory lien afforded by the mechanic's lien law of 1875 is *strictissimi juris,* and can only be made effectual upon substantial compliance with its provisions in all matters in respect to which it had in express terms exacted positive and direct statements as to the particulars specially mentioned, as opposed to mere legal inferences from other matters more or less distinctly or indistinctly asserted, or directly or inferentially inferable from such as are stated. The statute must be strictly construed.

The vendor under contract to sell and make advances to aid the vendee to erect a building upon the premises is. not liable as *owner* under the act of 1875.

The notice under this act is defective where it fails to state "the terms, time given and conditions of the contract" of the plaintiff, made with the contractor, against whom, by the notice filed, claim is made for the alleged debt due the plaintiffs.

The statute in these special enactments as to the particulars required by the fifth section of the act of 1875 is not content with such legal inferences as might be drawn from facts stated in general terms, but exacts *a direct, precise and positive statement* of the following particulars, to wit: "That the demand made is in exclusion of all just credits and offsets;" "of the name of the person (as principal) by whom the lienor was employed or to whom he furnished the materials;" "of the terms, time given and conditions of the contract;" "and whether all the work or materials for which the claim is made has been actually performed or furnished, and if not, how much of it."

A notice under the mechanic's lien law, which does not conform strictly to the foregoing requirements, is defective, and renders any lien sought to be established, ineffectual and void.

*Special Term, March,* 1878.

VOL. LV 16

Dugan agt. Brophy.

*D. M. Carpenter*, for plaintiff.

*Kneeland & Carter*, for defendants Crow and Brophy.

*Daniel T. Robertson*, for defendant Edwin Terry. *S. F. Kneeland* of counsel.

ROBINSON, *J.*— This action is predicated upon an alleged mechanic's lien claimed to have been imposed under the act of 1875 (*chap.* 379).° The demurrer of the defendant Mary C. Brophy (the admitted owner of the premises upon which the lien is claimed) to the complaint must be sustained. As owner her interest could only be made subject to such lien, when she stood in the position of a person whose property could be affected thereby, and a notice of lien had been filed with the county clerk which substantially complied with the provisions of the act. That which was filed by and in behalf of these plaintiffs was defective in failing to state, as required by section 5 of the act, " the terms, time given and conditions of the contract " of the plaintiff made with Michael T. Brophy and James Crow, composing the firm of Brophy & Crow, against whom, by the notice filed, claim is made for the alleged debt due the plaintiffs. It also asserts that the work and labor and materials for which the claim is made were done and furnished by them to the said firm of Brophy & Crow, at the instance of said Mary C. Brophy, but in what relation or connection or how she promoted and instigated the transaction in any legal relation of owner contracting with them for the erection of the building, or as vendor, contracting with them to sell them the premises on a building loan, or how otherwise, is in no way suggested.

In the recent case of *Burbridge* agt. *Marcy* (54 *How.*, 466), decided by me in February, 1878, I had occasion to examine the relation of such a vendor, under contract to sell and make advances to aid the vendee to erect a building upon the premises, and held him and his estate exempt from any lien created under the act of 1875.

Nothing in the notice of lien in question indicated how or to what, if any, extent the estate or interest of Mary C. Brophy in the land was or could be affected by or under any of the provisions of this statute. So, too, the notice stated that "such work, labor and materials was done and furnished under and in pursuance of the terms of the following contract, viz.: To do all work and furnish materials for all the cornices, gutter leaders and roof, in and upon the construction of a certain building hereinafter described, for the sum of one hundred and ninety dollars; that the sum of seventy dollars has been paid thereon and that the sum of one hundred and twenty dollars is now justly due thereon, over and above all offsets and claims and deductions." I am of the opinion this notice does not comply with the requirements of the act in failing to state whether it was made with or by Brophy & Crow, as principals, or as agents of Mary C. Brophy, so that she was their debtor, or as contractors under her, or what were the terms, time given or conditions of the contract, or whether all the work, labor and materials contracted for had been actually performed or furnished. In this latter respect no such allegation is contained in, or necessarily results from, the general averment that the amount payable to plaintiffs under the contract was due, or what was done and furnished was, in pursuance of the terms of the contract, *non constat*, payment might have been exacted, by the terms of the contract, before complete delivery or some special contingency, or on delivery of each item, as on a severable contract for the payment of each delivery thereof. How the payments were to be made, what terms of credit were given and what were the conditions of the contract are not set forth. The statute in these special enactments as to the particulars required by the said fifth section is not content with such legal inferences as might be drawn from facts stated in general terms, but in the foregoing particulars exacts a direct, precise and positive statement of these particulars, to wit, that the demand made is in exclusion of all just credits and offsets, " of the.

name of the person (as principal) by whom the lienor was employed or to whom he furnished the materials," " of the terms, time given and conditions of the contract," " and whether all the work or materials, for which the claim is made, has been actually performed or furnished, and if not, how much of it."

In the case of *Diossy* agt. *Martin* (*reported in the Daily Register, March* 16, 1876) I had occasion to consider the mechanic's lien law of 1875, and then held that the statutory lien thereby afforded was " *strictissimi juris* " and could only be made effectual upon substantial compliance with its provisions in all matters in respect to which it had, in express terms, exacted positive and direct statements as to the particulars specially mentioned as opposed to mere legal inferences from other matters more or less distinctly or indistinctly asserted, or directly or inferentially inferable from such as were stated. The proceeding to establish such a lien is not one within the general province of remedial justice, but being, *in invitum*, interposed by force or virtue of a special statute infringing upon the common-law right of the owner of real estate, and must, therefore, be strictly construed. The notice of lien under consideration being, in these views, wholly ineffectual to impose any lien upon the estate of Mary C. Brophy in the land, or of any interest Brophy & Crow had in it in any relation to it as purchasers, lessees or otherwise, no right to the enforcement of any lien in the land is suggested in any such terms of legal efficacy, that they could be enforced by a court of equity by way of foreclosure of a lien thereon. Nor can any obligation for the alleged debt, as against Mary C. Brophy or Brophy & Crow, be enforced upon the uncertain and ambiguous allegations that Brophy & Crow acted either as the agent of Mary C. Brophy (upon any unknown agency) or as contractors. No such contract is suggested or disclosed; no legal obligation as debtors claimed, as against either of these parties, upon any valid legal obligation asserted in the pleading. As to them, therefore, the

Dugan agt. Brophy.

demurrers must be sustained; so as to the defendant Terry brought into the controversy as having claim upon or interest in the lot upon which the lien is sought to be established. Such lien being held ineffectual and void no cause of action exists as against him.

The several demurrers of Mary C. Brophy, of Brophy & Crow, and of Edwin Terry sustained with leave to amend the complaint on payment of costs within ten days after the service of notice of order herein ; otherwise judgment absolute.