CHICAGO & NORTHEASTERN RAILROAD COMPANY v.
AUGUSTUS L. STURGIS.

*Labor debts—Declaration—A contractor is not a "laborer," but a laborer's team may be—Time-checks in evidence—Nature of defendant's liability.*

In sueing a railroad company for a labor debt under Comp. L., §§ 2393–5, a declaration on the common counts in *assumpsit* with mere allusions to the statute and a statement of plaintiff's title by assignment, is not enough; the existence of the facts upon which the statute bases the right of action must be averred.

A statute, even when it is remedial, must be followed with strictness where it gives a remedy against a party who would not otherwise be liable.

A statutory right of action against a corporation for labor done and materials furnished follows the assignment of the claim; otherwise it would be determined by the claimant's death, and perhaps by his insolvency.

Contractors and sub-contractors are not "laborers" within the meaning of the statute giving a right of action for labor debts.

Under an act giving a right of action for labor debts, a laborer may sue for work done by his team, where no right arises from its service to any other person.

Time-checks issued by a sub-contractor to laborers are in the nature of hearsay, and inadmissible against objection in an action for a labor debt.

A suit against a railroad corporation for a labor debt is to fix it with a liability resulting from its ownership of the road, and will not admit of the theory that defendant is merely an agent of the owner.

Error to Ingham. Submitted Oct. 29. Decided Nov. 9.

ASSUMPSIT. Defendant brings error. Reversed.

*S. F. Seager* for plaintiff in error.

*Jno. C. Shields* and *H. P. Henderson* for defendant in error. A claim for a labor debt may be assigned: *Kent v. N. Y. Cent. R. R.* 12 N. Y. 628; and will cover work done by the laborer's team: *Swift v. Kingley* 24 Barb. 541; *Warner v. H. R. R. R. Co.* 5 How. Pr. 454.

GRAVES, J. The circuit judge ruled, against objection, that the declaration was sufficient for the defendant in error to prove a case against the corporation under the act "to provide for the protection of laborers and persons furnishing material for the construction and repairing of railroads in this State." The statute is compiled as §§ 2393, 2394, 2395. The ruling was erroneous. The declaration consisted of the common counts; two being repeated with allusions, and nothing more, to the statute, with an added statement of the plaintiff's title by assignment.

A party must set forth his case if he have one, and where his title to sue is statutory and the right of action depends on a special construction of facts defined in the statute, the declaration, if left to the reasons of the common law, must aver the existence of such facts. Unless this is done the defendant may insist that the cause of action relied on is not

pleaded and cannot be used as a ground of proof and recovery. The charge brought against him is not the charge the plaintiff is endeavoring to urge and there is no foundation on the record for it. The general counts in *assumpsit* have no application. They disclose no such cause of action and the law refuses to regard them or any of them as amounting to a symbol of it. *Howser v. Melcher* 40 Mich. 185 ; *Delashman v. Berry* 21 Mich. 516; *Butterfield v. Seligman* 17 Mich. 95; *Benalleck v. People* 31 Mich. 200; *Austin v. Goodrich* 49 N. Y. 266 ; *Churchill v. Onderdonk* 59 N. Y. 134; *Bartlett v. Crozier* 17 Johns. 449 ; *Nickerson v. Bridgeport Hydraulic Co.* 46 Conn. 24; *Inhabitants of Bath v. Inhabitants of Freeport* 5 Mass. 325; *Drowne v. Stimpson* 2 Mass. 441, 444; *Pumpelly v. Green Bay Co.* 13 Wall. 166 ; *Barron v. Frink* 30 Cal. 489 ; *Smith v. Curry* 16 Ill. 149 ; *Moore v. Wade* 8 Kan. 390; *Hunt v. Hunter* 29 E. L. & E. 195; *Hopkins v. Mayor etc. of Swansea* 4 M. & W. 620. The law may be remedial as to laborers and persons furnishing materials, but it gives the remedy against the corporation, which otherwise would not be liable to them at all, and must therefore be pursued with some degree of strictness.

So long as the claims preserve their original character of demands for labor and materials, and the sole change is one of ownership, no reason is perceived for denying to the new owner, although he may have become such owner by assignment, the right to enforce the demands against the corporation in as ample a manner as the first owner might have done. A contrary construction would often prove very embarrassing, and in certain cases would defeat the purpose of the statute. In case of the first owner's death, the right would be determined, and possibly also in cases of insolvency and bankruptcy.

The " protection " provided for is confined to " laborers for and persons furnishing materials to contractors and subcontractors." A distinction is clearly marked between those who contract for labor and materials and the persons who actually perform labor and actually furnish materials. The

law limits its protection to the one who labors, and does not extend it to the one who merely hires out the labor of others. But the labor done by a man's team may be fairly regarded as labor done by him within the meaning of this statute. No right arises to any one out of its service except to him. Persons in his employment have distinct rights of their own.

The circuit judge permitted the introduction of certain papers which a sub-contractor had issued to laborers as tokens of their service. They are spoken of as time-checks. Their admission against objection was error. According to the record they were hearsay and not evidence against the company.

The suggestion that the road belonged to Bancroft * and that the company was merely an agency of his is hardly appropriate. It is repugnant to the theory of the action. The case is against the company, and is brought to fix it with a liability supposed to have resulted from the very fact of its being the owner and builder of the road. If the view which is shadowed forth in this respect is correct, there is ground for contending that the action is misapprehended. It is probable that the intimated relation is not in any strictly legal sense accurate.

The case calls for nothing more. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.

---

* It was admitted in the case that Bancroft was ostensibly the contractor for building the entire line of defendant's road.