WILLIAM BOTTOMLEY v. THE PORT HURON & NORTHWESTERN RAILWAY COMPANY.

*Labor debts—Limitation of liability—Pleadings.*

A corporation is not liable for labor to persons hired by a contractor or sub-contractor except so far as it is indebted to the latter.

Where a declaration sets forth separate causes of action, one of which is statutory and the other at common law, neither can be established if facts needed to make out either are wanting.

An unwritten promise by a railroad corporation to a contractor, to pay the latter's obligations to his laborers, will not sustain an action.

Where a railroad contractor has assigned his contract to the superintendent of the company and the latter has assumed his debts to laborers, the company's liability, if any, for a labor debt does not rest on Comp. L., §§ 2393–5, but is at common law on a special contract; and the declaration must so aver the cause of action.

Error to St. Clair.    Submitted Oct. 29.    Decided Nov. 9.

ASSUMPSIT.    Plaintiff brings error.    Affirmed.

*Wm. M. Cline* and *A. E. Chadwick* for plaintiff in error.

*Chas. R. Brown* for defendant in error.

GRAVES, J.    One Glavin, a contractor on defendant's road, procured the plaintiff to perform labor from the 18th or 20th of October to the 18th or 20th of December following. The latter obtained $20 of his wages and was entitled to the further sum of $87.48.    His right to this the contractor admitted, but never paid it.    April 17, 1879, Glavin assigned his contract and all rights under it to one James McCrea who was then and subsequently defendant's superintendent.    The plaintiff solicited payment of the company and it was refused. He brought this action on the statute of 1871 made for the protection of laborers and others.    He alleged his claim in a special count and added the common counts.    The company made no point on the sufficiency of the special count, and

there was no evidence to establish any case under either of the others. The circuit judge directed a verdict for the company and the plaintiff excepted.

As the defendant found no fault with the special count it should be deemed a good one upon the statute.

The main question, if not the only one, is whether any case for the jury was made out. The statute makes it an essential condition of liability by a corporation that there is something due and owing to the contractor or sub-contractor as the case may be, and unless that condition exists the corporation is not answerable over. Now it expressly appeared at the trial, from the plaintiff's own witness, and was not contradicted, that there was nothing due or behind on the contract from October 1, 1878, to April 17, 1879, at which date Glavin's chance to be a creditor ceased, and there was no evidence tending to show that any indebtedness to Glavin arose after the date last mentioned. The case therefore failed as one on the statute. The circumstances in evidence were somewhat mixed. There were some facts favoring a liability outside the statute.

But even where separate causes of action are well set forth, of which one is on the statute and the other at common law, neither can be established except by facts proper to it. If facts proper to each are wanting, the defect cannot be aided by accumulating on one or the other of the causes of action the entire evidence both pertinent and impertinent to it.

There was some evidence tending to show that the company made a collateral promise of payment. But no such cause of action was counted on. Moreover, the agreement, if any, was to answer for Glavin's debt, and seems to have been unwritten. The plaintiff appears to have a theory that Glavin's assignment was in substance an assignment or surrender to the company and that the transaction carried with it an assumption by the assignee, and therefore by the company, of $1717 of Glavin's debts to laborers, and amongst them that of plaintiff, and that the company thereby became bound to Glavin to pay the debt. Let it be admitted that there was evidence favoring this theory and that the agree-

ment between Glavin and McCrea on considerations to which the plaintiff was not privy, would support an action for him, yet the case is not shaped for it. If the company became liable on the supposed hypothesis, it was not a liability on this statute, but at common law under a special contract, and no such cause of action is laid. The case affords reasons for belief that plaintiff was encouraged to expect that the company would pay him, and if the record is not misleading he has a claim which the defendant on grounds of moral justice ought to pay without hesitation.

But as the court below reached the proper legal result on the case as presented, the judgment must be affirmed with costs.

The other Justices concurred.