## Smith *v.* Sherwin.

Wife's Liability for Goods Sold for Family Use.—A wife cannot be held liable, under section 10 of the act of 1878, in an ordinary action for goods sold and delivered, when such goods were sold upon the order of the husband, although the same were devoted to family use.

Appeal from Multnomah County.

*A. H. Tanner,* for appellant.

*Sears* and *McGinn,* for respondent.

By the Court, Watson, C. J.:

The complaint in this case charges the sale and delivery of goods, wares, and merchandise to the respondent at her special instance and request, and her promise to pay their reasonable value. The answer contains simply denials of the material allegations in the complaint.

Some evidence tending to show that the articles for the price of which the action was brought, were delivered partly on the order of her husband, Joseph Sherwin, since deceased, and were purchased for family use, was admitted on the trial without objection.

The appellant asked the court to instruct the jury, in effect, that the respondent would be liable in this action, if

such articles were for family use, although delivered on the order of her husband.

The court refused to so instruct the jury, but directed them not to find a verdict against the respondent unless they found that the goods, or some portion of them, had been sold to her.

The jury found for the respondent. The errors assigned arise upon the action of the court below with reference to these instructions. This action was apparently founded upon section 9, of the act of 1878, which provides: "Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried." (Sess. L., 1878.) Section 10 of the same act makes the property of both husband and wife chargeable with family expenses, but there is nothing in the complaint, in the present action, to indicate that it is the liability thus created by positive statute that is sought to be enforced.

. The complaint in this instance does not state the facts which would make the respondent liable under section 10 of this statute, and we cannot regard the action as founded upon it.

It is claimed on behalf of the appellant that the respondent was estopped from claiming the instruction given at her request, by her failure to object to the evidence tending to show a purchase for the family use at the time it was offered. We think not.

There was no issue to which it was applicable as the pleadings stood, and no attempt was made by the appellant, so far as the record shows, to obtain leave to amend.

It was still in the power of the court, upon a proper showing, to have allowed such an amendment. (Civil Code, 99.) We think the course taken by the lower court with

reference to instructing the jury, was entirely proper. (*Rogers* v. *Newbury*, 105 Mass., 553.)

The judgment is affirmed.