GLASS *v.* STEADMAN.

A declaration filed on March 8, 1889, alleged that the defendant farmed in her own name, but for some previous years her husband operated the farm, plaintiff furnishing to it supplies which were paid for out of the crops raised on it; that when the husband quit running the farm for himself and it was run by the wife, the plaintiff was given no notice thereof and had no knowledge of the change; that the husband continued to buy supplies for the farm, and the plaintiff believed he was the person running it as before, and charged the supplies usually furnished, amounting, after deducting credits, to the sum appearing by an itemized account attached; that the plaintiff sued the husband on this account and in November, 1887, recovered judgment from which execution issued and was levied on personalty purchased with the proceeds of the crop raised said year; that this personalty was claimed by the defendant, and on the trial of the claim in April, 1888, both she and her husband testified that in said year she carried on the farming business and the crops belonged to her alone; and that this was the first notice the plaintiff had that the husband was not acting for himself but for the wife in making the purchase, and that she received the benefit of it. *Held*, that no cause of action was set out.

February 23, 1891. By two Justices.

Actions. Husband and wife. Pleadings. Before Judge GOBER. Houston superior court. April term, 1890.

For the facts see the head-note.

W. C. WINSLOW and HARDEMAN & DAVIS, for plaintiff. C. C. DUNCAN, for defendant.

SIMMONS, Justice.

Under the allegations in this declaration, there was no error in sustaining the demurrer thereto. The dec-

laration alleges that the credit was given to E. B. Steadman, that he was sued to judgment thereon, and that an execution issued and was levied upon certain property which was claimed by Mrs. Steadman. It is not alleged that E. B. Steadman was insolvent, but, on the contrary, we can infer from the allegations in the declaration that he was solvent, because it is alleged that he paid for all supplies furnished him up to that particular year. Nor does the declaration allege that the property levied upon and claimed by Mrs. Stead-man was not found subject to the execution. The only reason given for the liability of Mrs. Steadman is that E. B. Steadman purchased supplies as her agent, and that the plaintiff did not know this until the trial of the claim case. Under the facts alleged, and the lack of other allegations in the declaration, this was not sufficient to make Mrs. Steadman liable for the account sued on, especially after such a lapse of time after the credit was given.                    *Judgment affirmed.*