EDWARD QUACKENBUSH v. THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY.

*Railroad companies—Claim of laborer—Notice.*

A notice of a claim against a railroad company for labor performed for a subcontractor, given under How. Stat. § 3423, which makes the company liable in case a bill of items of the labor is furnished to the company, with the amount claimed, which fails to show on its face whether the work charged for is the

claimant's personal labor or team-work, or to state the kind of labor performed, the dates when performed, and the rate per day, and the amount of payments made thereon, cannot be held to be the "bill of items, together with the amount claimed," required by the statute.

Error to Grand Traverse. (Ramsdell, J.) Argued March 9, 1892. Decided April 8, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Smiley, Smith & Stevens,* for appellant.

*Pratt & Davis,* for plaintiff, contended:

1. The object of the notices of claim or bill of items is to advise the defendant of the claim made against it, that it may protect itself in the premises. This provision of the statute should be so construed as not to do violence either in its language or spirit by requiring too great particularity on the one side, or by a total disregard of all particularity on the other. The statute is a remedial one, and should be given a fair and reasonable construction.

2. This is a claim for personal labor, and the only bill of items that could be furnished was as to the time when and number of days of labor performed. This would be good as a bill of particulars; it should be good as a bill of items.

3. The notice or bill of items would not be insufficient because it contained some items not recoverable under the law if it did disclose that plaintiff's claim was one that was recoverable.

4. The notices served on defendant are not subject to the criticism made by defendant's counsel. They state—
    *a*—We have in our hands for collection claims for work of men and teams, etc.
    *b*—The claim of each claimant, and the month in which the labor was performed.
    *c*—The balance still due for the same.

5. These notices show that the plaintiff's claim was for work in October and November, and state totals. They could not be more specific unless the kind of tools he used, the number of stumps he dug up, the amount or number of shovels-full of dirt he shoveled, should have been given, which can hardly be claimed in reason and sincerity.

6. The notices fairly apprise the defendant that plaintiff's claim was

for personal labor, the time when done, and the amount due. Great particularity could serve no good purpose, and should not be required.

7. The notices state the months in which the work was done, and that it was work done by Edward Quackenbush, and that it was performed for Subcontractor Wells on the Traverse City extension of the Chicago & West Michigan Railway. The statutory liability does not depend on the kind of labor, so it is personal labor. These notices show plaintiff's claim to be of that character; citing *Mundt v. Railroad Co.*, 31 Wis. 463.

8. These notices were received by defendant, and were acted on by its officers; and their sufficiency was never questioned or disputed until this suit was tried.

9. In the case of *Dudley v. Railway Co.*, 65 Mich. 658, there was no statement or bill of items ever furnished, and the rule in that case has no application to the case at bar, and the remarks of the Court are simply with reference to the general provision of the statute, about which there is and can be no contention.

MONTGOMERY, J. This action is brought to recover for work and labor performed for a subcontractor in the construction of a railroad for the defendant. The plaintiff recovered below, and the defendant brings the case here on a bill of exceptions.

The record discloses that the contract for construction of the road was let to John FitzGerald & Bro., who sublet a portion of the work to one Wells, by whom plaintiff was employed. On the 2d of December, 1889, and again on the 17th of the same month, notices were served on the railroad company, stating that certain of the employés, among whom was plaintiff, would look to the company for their pay. Neither the contractors nor subcontractor paid the plaintiff, and he thereupon brought this suit.

The case seems to have been well tried in all respects unless it be held that the court erred in submitting to the jury the question of the sufficiency of the notice served on the railroad company. The notice was in writ-

ing, and its construction was for the court; but, as plaintiff's counsel state in their brief, if, as matter of law, the notice be held sufficient, there was no damaging error in permitting the jury so to find. The only question presented which we need consider, therefore, is whether the notices were sufficient. The defendant's counsel contend that it was not such a statement of items as the law requires. The statute (How. Stat. § 3423) makes the company liable only in case—

"A bill of items of the material and labor furnished to said contractor or subcontractors shall be furnished to the company, through their agent or otherwise, together with the amount claimed, prior to the usual pay-day of said company when such claim shall be due, or, in case the contractor or contractors are not then paid, then prior to the payment then due."

There were two notices served in the present case. The first was dated December 2, 1889, addressed to J. B. Mulliken, general manager of the defendant company, and reads as follows:

"Sir: We have in our hands for collection the following list of claims for work of men and teams on the Traverse City extension of the Chicago & West Michigan Railroad, for Subcontractor Wells, and whose time-checks and bill for labor and supplies John Fitz Gerald & Bro. refuse to recognize or pay beyond fifty cents on the dollar. We trust that on your calling their attention to this matter they will pay the men in full; otherwise we shall be compelled to look to the R. R. Company for the claims."

Here follows a list of claims, giving names of claimants, followed in each instance with the words, "Work in October, balance due," and stating the amount of each claim. The plaintiff's claim in this list is stated as follows: "E. Quackenbush; work in October; balance due, $16.48." Then is added the following heading of another

list of claims: "For work of men and teams performed in November;" under which heading the plaintiff's claim for that month is thus stated: "Ed. Quackenbush; labor done in November; balance due, $10.30;" and signed, "Pratt & Davis, Attorneys for Parties Named." The next notice is dated December 17, also addressed to Mr. Mulliken, and is as follows:

"*Sir:* We have in our hands for collection the following list of claims for work of men and teams on the Traverse City extension of the Chicago & West Michigan Railroad, for Subcontractor Wells. These amounts should have been included in our prior notice, but was not deemed necessary then; and, as the contractors, John Fitz Gerald & Bro., refuse to pay, we shall hold the railroad company therefor."

Here follows a list of claims, giving the name of claimant, followed in each instance with the words, "for work in October, additional," and stating the additional amount and the total. The plaintiff's claim in this list is stated as follows: "E. Quackenbush; for work in October, additional, $11.45; total, $28.22." Then is added the following heading of another list of claims: "For work and labor performed in the month of November for M. *Wells,* subcontractor;" under which heading the plaintiff's claim for that month is thus stated: "Ed. Quackenbush; for work in November, additional, $10.73; total, $19.73." The notice concludes as follows:

"These claims are substantially the same as sent before, except that now each man's board bill is added in. Before it was in separate amounts.

"Yours, etc.,

PRATT & DAVIS,

"Attorneys for the Above-named Parties."

It is urged by defendant's counsel not only that it does not appear by either of these statements how long the plaintiff was employed, or the rate of wages, or what amount had

been paid, but also that it does not appear but that the work sought to be recovered for may have been team-work. We feel compelled to hold that these objections to the notices are insuperable.    In *Martin v. Railroad Co.*, 62 Mich. 458, it was held that the presentation of a bill of items was an essential prerequisite to the assertion of any claim under this statute.

In *Dudley v. Railway Co.*, 65 Mich. 657, it was said:

"The extent to which such protection is extended depends upon and is limited to the amount due from the railroad company to its contractor at the time the bill of items of the labor and materials furnished is furnished to the company.    It is also limited to such labor and material as is performed and used in constructing or repairing the railroad.    The labor applies to manual labor of persons employed, and does not extend to teams used upon the work.    This is evident from the title, which expresses the object to be to protect laborers.    The material referred to is such as enters into the construction or repairing of the railroad, and does not apply to material used or supplied for any other purpose.    Feed furnished for teams employed in working upon the road, clothing or board for men so employed, would not come within the language or meaning of the act, because such feed, board, and clothing are not used in constructing or repairing the railroad."

These cases must be held decisive of the case under consideration.    As was well said by Mr. Justice CHAMPLIN in the case last cited:

"This statute, although remedial, is in derogation of the common law, and interferes with and seriously affects the contract relations of parties, and must be strictly construed, or at least so construed as not to cast additional burdens upon parties between whom and the plaintiff there is no privity of contract, unless plainly implied in the language employed."

In the respect stated, the statute is somewhat analogous to those providing for a lien in favor of mechanics and others.    Where such a statute requires a claimant to file

a claim containing a statement of the terms, time, and conditions of his contract, the requirement is held to be imperative. *Dugan v. Brophy,* 55 How. Pr. 121. Again, where the claim must set out the amount or sum claimed to be due, and the nature or kind of work done, or the kind and amount of materials furnished, and the time when the materials were furnished and work and labor done, he must state the amount claimed for each as a distinct item, or the omission will render it totally invalid. *Noll v. Swineford,* 6 Penn. St. 187. And a statement under such statute, which gives only the information which is afforded upon a *quantum meruit,* would in no case, under such a provision, be sufficient. *Carson v. White,* 6 Gill, 17.

In the present case the notices did not show upon their face whether the work charged for was for the plaintiff's personal labor or for team-work; nor did the notices state the kind of labor performed, the dates when performed, nor the rate per day, nor how much had been paid upon it; but were simply a claim for the balance due for work, which may have been either team-work or the personal services of the plaintiff. This, we think, cannot be held to be "a bill of items, together with the amount claimed," which is what the statute requires.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.