# BANNER MERCANTILE COMPANY v. C. J. HENDRICKS. et al.

### (138 N. W. 993.)

**Necessaries — liability of wife — validity of statute as to.**

Action to recover for family necessaries consisting of food and clothing sold and delivered by plaintiff to defendant, C. J. Hendricks. His wife is joined with him as defendant, and liability, as against her, is asserted under the provisions of chapter 136, Laws 1907, wherein it is provided "that husband and wife shall be jointly and severally liable for any debts contracted by either while living together, for necessary household supplies of food, clothing, and fuel for themselves and family," etc. A recovery against the wife is sought to be reversed upon the grounds that both the complaint and the evidence are insufficient to justify such recovery, and that chapter 136 is unconstitutional. Each of such contentions is held without merit.

Opinion filed November 20, 1912.

Appeal by defendant Anna Hendricks from a judgment of the District Court for Nelson County, *Charles F. Templeton*, J., in plaintiff's favor in an action to recover for merchandise sold and delivered by plaintiff to defendants.

Affirmed.

*Frich & Kelly*, for appellant.

The complaint does not state facts sufficient to constitute a cause of action against Anna Hendricks. Henry v. Hickman, 22 Ala. 685; Cunningham v. Fontaine, 25 Ala. 644; Durden v. McWilliams, 31 Ala. 438; Dunbar v. Meyer, 43 Miss. 679; Gabriel v. Mullen, 30 Mo. App. 464; Valentine v. Lloyd, 4 Abb. Pr. N. S. 371; Smith v. Sherwin, 11 Or. 269, 3 Pac. 686; Hall v. Thurman, 58 Iowa, 754, 12 N. W. 141; 21 Cyc. 1561; Glass v. Steadman, 86 Ga. 696, 12 S. E. 1067; Fitzmaurice v. Buck, 77 Conn. 390, 59 Atl. 415; Kelly v. Canon, 6 Colo. App. 465, 41 Pac. 833; Holmes v. Page, 19 Or. 232, 23 Pac. 961.

Note.—On the question what constitutes "family expenses" within the statute rendering wife or her property liable for such expenses, see notes in 21 L.R.A.(N.S.) 277, and 32 L.R.A.(N.S.) 940.

And upon the liability of a wife for family expenses as affected by act of husband, see note in 3 L.R.A.(N.S.) 145.

*A. V. A. Peterson,* for respondent.

The complaint states a cause of action under the statute. Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Chilson v. Bank of Fairmount, 9 N. D. 97, 81 N. W. 33; Schweinber v. Great Western Elevator Co. 9 N. D. 113, 81 N. W. 35; James River Nat. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7; McCartney & Sons Co. v. Carter, 129 Iowa, 20, 3 L.R.A.(N.S.) 145, 105 N. W. 340; Marquardt v. Flaugher, 60 Iowa, 148, 14 N. W. 214.

FISK, J. This action originated in justice court, where appellant recovered judgment. An appeal was taken to the district court, where judgment was rendered in respondent's favor pursuant to a verdict directed by the court, from which judgment this appeal is prosecuted by the defendant Anna Hendricks alone.

The assignments of error relate to the sufficiency of the complaint as against this appellant, and also to the sufficiency of the evidence thereunder. The assignments of error predicated upon certain rulings in the admission and exclusion of testimony need not be specially noticed, as they are based upon the appellant's contentions relative to the sufficiency of the complaint and the proof offered in support thereof.

The complaint, omitting formal parts, is as follows:

"Plaintiff for its complaint alleges:

That it is a corporation organized and existing by virtue of the laws of North Dakota, and defendants are husband and wife, living together during the times hereinafter mentioned.

That, at the special instance and request of the defendants, it sold and delivered to them certain merchandise, consisting of household supplies, food, and clothing, between the 15th day of June, 1909, and the 9th day of April, 1910, both dates inclusive.

That said goods and merchandise were of the reasonable value of $101.15, and no part of the same has been paid except $30, although often payment was demanded.

Wherefore, plaintiff demands judgment against defendants and each of them for $71.15 with interest since April 9th, 1910, at the rate of 7 per cent per annum, together with the costs and disbursements herein."

While such complaint, when literally construed, states a cause of

24 N. D.—2.

action against both defendants, upon the theory that the merchandise therein mentioned was sold and delivered by plaintiff to them jointly at their special instance and request, plaintiff's counsel at the trial expressly disclaimed any intention of asserting any liability on the part of this appellant, Anna Hendricks, as a purchaser of such merchandise, stating that his "object and purpose in this action is to endeavor to hold the defendant Anna Hendricks liable under chapter 136 of the Session Laws of 1907." Nor is there any evidence in the record from which the recovery against her can be sustained upon the theory that she was a joint purchaser with her husband of such merchandise, the evidence disclosing that plaintiff sold the goods to the husband and upon his credit alone.

We are therefore called upon to determine, first, whether the recovery against Anna Hendricks, the appellant, can be sustained under the complaint. Second; if so, whether the proof is sufficient to sustain such recovery; and, if these questions are answered in the affirmative, then third; whether chapter 136, Laws of 1907, is constitutional.

The sufficiency of the complaint is challenged by appellant's counsel, first, because it fails to allege that she has a separate estate, describing the same; second; it fails to state that the goods were purchased by either spouse for use in their family, or that such goods were consumed by the family, and third, it fails to point out the particular statute under which it is attempted to hold her liable. Numerous authorities are cited in support of such contentions, among them being the cases of Smith v. Sherwin, 11 Or. 269, 3 Pac. 686; Glass v. Steadman, 86 Ga. 696, 12 S. E. 1067; Fitzmaurice v. Buck, 77 Conn. 390, 59 Atl. 415. In Smith v. Sherwin, supra, the action was brought against the wife alone, and the complaint charged the sale and delivery of the goods to her at her special instance and request, alleging her promise to pay their reasonable value. Her answer was a general denial. In the opinion of the court it is, among other things, said: "This action was apparently founded upon § 9 of the act of 1878, which provides: 'Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried.' . . . Section 10 of the same act makes the property of both husband and wife chargeable with family expenses, *but there is nothing in the complaint, in the present*

*action, to indicate that it is the liability thus created by positive statute that is sought to be enforced. The complaint in this instance does not state the facts which would make the respondent liable under § 10 of this statute, and we cannot regard the action as founded upon it."* (The italics are ours.) We think the language thus italicized differentiates that case from the case at bar. In the case at bar all the facts showing defendant's liability under chapter 136, Laws of 1907, are stated with the exception of the fact that the household supplies were purchased "for themselves and family." The portion of said statute material to this controversy reads: "Provided, however, that husband and wife shall be jointly and severally liable for any debts contracted by either while living together, for necessary household supplies of food, clothing, and fuel for themselves and family, and for the education of their minor children."

The complaint alleges that defendants are and were at all times therein mentioned husband and wife living together, and that the merchandise sold and delivered consisted of household supplies, food, and clothing. These allegations must be treated either as surplusage, or as tending to show a joint and several liability on the part of the defendants for the debt contracted by one of them, under the provisions of chapter 136. The complaint should be construed liberally as against the attack here made, and when thus construed we think it sufficient to support the recovery. From the facts thus alleged, and from the undisputed evidence in the record, we think a fair inference arises that the debt contracted was for necessary household supplies for the defendants and family, and this appellant was fairly apprised from the allegations of the complaint that plaintiff sought to hold her liable with her husband therefor under the provisions of chapter 136 aforesaid.

We have examined the other cases cited by appellant and find nothing therein which militates against our conclusion as above announced. The rule quoted from 21 Cyc. 1561, by appellant's counsel, is not applicable, for chapter 136 does not make the wife's separate estate alone liable, but, in the language of such statute, she and her husband are made "jointly and severally liable for any debts contracted by either while living together, for necessary household supplies," etc. Therefore the wife is made personally liable, and a separate estate

owned by her is not a prerequisite to her liability for such supplies. The true rule applicable to this case is stated in 21 Cyc. 1560, as follows: "Where, however, a married woman may be sued and a judgment obtained against her, as a *feme sole,* it is not necessary to allege that she possesses a separate estate," citing numerous authorities. It was clearly not necessary to plead the statute under which it is sought to hold appellant liable. It is a general statute, and it was only necessary to allege facts from which such statutory liability arose.

But it is contended by appellant that, even though the complaint and the proof are sufficient to sustain the recovery, still, there must be a reversal because the evidence discloses that, as between the plaintiff and appellant's husband, the account was stated; and the cases of Kelly v. Canon, 6 Colo. App. 465, 41 Pac. 833, and Holmes v. Page, 19 Or. 232, 23 Pac. 961, are cited in support thereof. There is no merit in this contention. Plaintiff is not seeking to hold appellant on an account stated, and, of course, could not, for the simple reason that she was not a party thereto. The cases cited merely hold to this principle. In the Colorado case suit was brought against both husband and wife on notes executed by the husband alone, and it was held that no recovery could be had against the wife for the reason that she was not a party to the notes, although the complaint alleged that such notes were given for an indebtedness for expenses of the family of the defendants; and in the Oregon case it was merely held that the wife is not liable on a contract based on an account stated between the husband and the plaintiff, and to which she had not assented. In this connection, see McCartney & Sons Co. v. Carter, 129 Iowa, 20, 3 L.R.A.(N.S.) 145, 105 N. W. 339, and Marquardt v. Flaugher, 60 Iowa, 148, 14 N. W. 214. As the complaint discloses, in the case at bar the action is not on an account stated, and the appellant is sought to be held liable under the statute aforesiad.

The only other remaining question is that of the constitutionality of chapter 136. This question is not argued by appellant, and we deem an extended discussion unnecessary. It is contended that said chapter violates § 213 of the Constitution of this state. That section reads: "The real and personal property of any woman in this state acquired before marriage, and all property to which she may after marriage become in any manner rightfully entitled, shall be her separate prop-

erty, and shall not be liable for the debts of her husband." We do not think there is any merit in appellant's contention. The statute in question does not seek to make the wife liable for the husband's debts, but it merely modifies and broadens the common-law rule regarding liability for family necessities. Under the common-law doctrine, the wife had no separate estate, and when this rule was changed by our statute, so as to permit the wife to hold property in her own right the same as a *feme sole,* it was, we think, a wise and just act on the part of the legislature to change the rule relative to liability for necessaries of the family, and that the legislature possessed the power so to do is, we think, entirely clear. No authority is cited to the contrary by appellant's counsel, and we believe none exists.

It follows that the judgment appealed from is correct, and it is accordingly affirmed.