# WALKER BROS. DRY GOODS CO. v. WOODHALL.

No. 3861.   Decided January 26, 1923.   (212 Pac. 523.)

1. PLEADING—MUST PLEAD FACTS BRINGING CAUSE UNDER STATUTE.
A complaint in an action founded on a liability created by statute must allege facts bringing it under the statute.

2. HUSBAND AND WIFE—EVIDENCE ·HELD ˙PROPERLY EXCLUDED UNDER ALLEGATIONS OF COMPLAINT. A complaint that "the defendant became indebted to the plaintiff in the sum of $131.21 on account of goods, wares, and merchandise sold and delivered to the defendant by the plaintiff at defendant's special instance and request," will not permit proof that the goods bought by defendant's husband and charged to his account were for family use, under Comp. Laws 1917, § 2991, making husband and wife jointly or separately liable for the expenses of the family.

3. LIMITATION OF ACTIONS—EXPIRATION OF YEAR HELD BAR IN ACTIONS TO RECOVER FOR STATUTORY LIABILITY. The provision of Comp. Laws 1917, § 6468, that an action brought on a liability created by statute shall be begun within one year, is a bar to an action against a wife for goods bought by the husband under section 2991, making husband and wife jointly and separately liable for family expenses.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action by the Walker Bros. Dry Goods Company against Alma Woodhall. From a judgment for the defendant, plaintiff appeals.

AFFIRMED.

*Chris. Mathison,* of Salt Lake City, for appellant.

*Willard Hanson* and *B. L. Liberman,* both of Salt Lake City, for respondent.

THURMAN, J.

260           SUPREME COURT OF UTAH          [Jan.

Walker Bros. D. G. Co. v. Woodhall, 61 Utah 259

The complaint in this case alleges:

"That on or about the 12th day of February, 1912, at Salt Lake City, Utah, the defendant became indebted to the plaintiff in the sum of $131.21 on account of goods, wares, and merchandise sold and delivered to the defendant by the plaintiff at the defendant's special instance and request. That the same, nor any part thereof, has not been paid. That the defendant has been absent from the state of Utah for three years since the date of said account. That on the 21st of March, 1917, the plaintiff commenced an action against the defendant in the justice's court of Murray precinct, Salt Lake county, Utah, on the said debt and cause of action by filing his complaint thereon in said court and thereupon causing a summons to be issued. That said action pended in court until the 2d day of January, 1920, when the same was dismissed without prejudice on motion of plaintiff."

A second cause of action, based on another account, was also alleged, but was afterwards dismissed, and is not involved in this appeal.

The defendant's pleading, denominated an "answer," is both an answer and demurrer. It alleges that the complaint does not state facts sufficient to constitute a cause of action, and denies generally and specifically every allegation of the complaint. It also alleges that the action is barred by the provisions of Comp. Laws Utah 1917, § 6467.

The action was commenced and prosecuted in the city court of Salt Lake City, and afterwards appealed to the district court. Both courts found in favor of defendant, and judgment was entered accordingly.

Certain evidence admitted over defendant's objection tended to show that defendant was the wife of one G. P. Woodhall, since deceased; that the goods purchased and charged to his account were used by the family, and were therefore a family expense under the provisions of Comp. Laws Utah 1917, § 2991, which provides:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately."

It is contended by respondent that, in order to hold the defendant liable, the complaint should have stated facts tending to show that domestic relation, and that the goods

were purchased for use in the family. In other words respondent contends that, as the liability of defendant is purely statutory and not contractual, the complaint should have alleged facts bringing the case within the statute. On the other hand, appellant contends that the complaint alleges the ultimate fact of indebtedness, and that it is immaterial, as far as the pleading is concerned, whether the indebtedness was created by statute or arose upon contract. This is the controlling question in the case, for respondent, in effect, waives her plea of the statute of limitations.

It is conceded by appellant that the family expense statute creates a liability against the wife where none existed before; that prior to the statute the obligation of supporting the family rested upon the husband alone. There is therefore no controversy concerning the fact that, if the defendant is liable at all in the instant case, she is liable because of the statute above quoted, and not otherwise.

There is nothing in the complaint to suggest or indicate to the mind of the reader that the alleged indebtedness was incurred as a family expense. As pleaded in the complaint, it has all the earmarks of an ordinary common-law liability of the defendant, not dependent upon a family relation or other statutory requirement. If the defendant is only liable because of some particular relation or condition prescribed by statute, the relation or condition which brings the case within the statute should be stated in the complaint, so that the defendant may be informed concerning the nature of the action. The Code requires "a statement of the facts constituting the cause of action in ordinary and concise language." Conceding, without deciding, that a common-law count is sufficient under the Code in case of a common-law liability for goods, wares, and merchandise sold and delivered, it by no means follows that such a complaint would be sufficient where the liability is created by a statute expressly prescribing certain relations and conditions upon which the liability depends. This proposition is not only sustained by sound reason, but appears to be supported by authority as well. Respondent

262          SUPREME COURT OF UTAH          [Jan.

Walker Bros. D. G. Co. v. Woodhall, 61 Utah 259

calls our attention to a case, strikingly analogous, from a Code state in which the family expense statute is identical with our own. In *Smith* v. *Sherwin*, 11 Or. 269, 3 Pac. 686, the complaint was against the wife, and was for the price of goods, wares, and merchandise charged upon a common count, the same as in the case at bar. The answer denied the material allegations of the complaint. There was evidence admitted, apparently without objection, tending to show that the goods were for use in the family and were delivered partly on the order of defendant's husband. Plaintiff requested the court to instruct the jury that defendant would be liable for such articles as were purchased for family use, although delivered on her husband's order. The court refused the request, but instructed the jury not to find against the defendant unless they found that the goods had been sold to her. The refusal of the request and the instruction as given by the court were assigned as error. After referring to a statute making the wife liable upon her contracts, the same as if she were unmarried, and also section 10 of the family expense statute similar to ours, the court, on appeal, at page 270 of 11 Or., at page 687 of the report in 3 Pac., says:

"But there is nothing in the complaint in the present action to indicate that it is the liability thus created by positive statute that is sought to be enforced. The complaint in this instance does not state the facts which would make the respondent liable under section 10 of this statute, and we cannot regard the action as founded upon it. It is claimed, on behalf of the appellant, that the respondent was estopped from claiming the instruction given at her request, by her failure to object to the evidence tending to show a purchase for the family use, at the time it was offered. We think not. There was no issue to which it was applicable, as the pleadings stood, and no attempt was made by the appellant, so far as the record shows, to obtain leave to amend. It was still in the power of the court, upon a proper showing, to have allowed such an amendment. Civil Code, § 99. We think the course taken by the lower court, with reference to instructing the jury, was entirely proper."

It will be observed that that is a stronger case than the case at bar, inasmuch as the evidence of family relation and expense was admitted without objection.

Appellant's counsel say in their brief:

"The opinion in *Smith* v. *Sherwin*, supra, was written by a judge who did not know the subject he was discussing."

In the judgment of this court the logic of the opinion is uncontrovertible, notwithstanding the drastic criticism of appellant's counsel.

Counsel for appellant in the same manner and to the same extent criticize the case of *Banner Mercantile Co.* v. *Hendricks*, 24 N. D. 16, 138 N. W. 993, which supports the principle upon which the Oregon case was decided. The doctrine of these cases is approved and the cases referred to by eminent authority. In 11 Standard Ency. of Procedure, the author, at page 782, says:

"Other statutes make both the husband and wife jointly liable for necessaries furnished the family, and the complaint in such case against the wife where the husband ordered such goods must show the liability is founded on the statute, by showing that the goods were purchased for family use, but it need not point out the particular statute under which it is sought to hold her liable where facts bringing her within the statute are alleged. It is not necessary to allege under the latter statutes that the wife had a separate estate, or state that the goods were actually consumed by, the family."

In *Chicago & N. E. R. R. Co.* v. *Sturgis*, 44 Mich. 538, 7 N. W. 213, the declaration was upon a common count in assumpsit, with mere allusion to the statute upon which the right of action depended. At pages 539 and 540 of 44 Mich., at page 213 of 7 N. W., the court says:

"A party must set forth his case if he have one, and where his title to sue is statutory and the right of action depends on a special construction of facts defined in the statute, the declaration, if left to the reasons of the common law, must aver the existence of such facts. Unless this is done the defendant may insist that the cause of action relied on is not pleaded and cannot be used as a ground of proof and recovery. The charge brought against him is not the charge the plaintiff is endeavoring to urge and there is no foundation on the record for it. The general counts in assumpsit have no application. They disclose no such cause of action and the law refuses to regard them or any of them as amounting to a symbol of it"—citing cases.

See, also, *Howser* v, *Melcher*, 40 Mich. 185; *Soper* v. *Har-*

*vard College,* 1 Pick. 177, 11 Am. Dec. 159; 4 Ency. Pl. & Pr. 655.

In view of the facts relied on to establish defendant's liability in the instant case, the complaint is very misleading. The obvious conclusion to be drawn from the complaint is that the defendant either in person or by agent purchased the goods and that the relation between her and the plaintiff was purely contractual. Such is manifestly not supported by the evidence; hence the facts constituting the real cause of action are not stated at all. This manner of pleading, in our opinion, violates the spirit of the    2, 3 Code and disregards its plain meaning and intention. If the complaint had stated the facts in ordinary and concise language it would have shown that the liability, if any, was not an obligation arising upon contract, but one created by statute. In such case the defendant would, no doubt, have pleaded the one-year statute in bar, and the plea would have been effectual. Comp. Laws Utah 1917, § 6468.

Appellant has cited numerous cases touching different phases of family expense statutes, but none are in point on the question presented here. To undertake to review the cases referred to would serve no useful purpose, but, on the contrary, would inject into the case questions which, instead of enlightening, would tend to confuse the mind of the reader.

We are clearly of the opinion that the evidence introduced as to family relation and expense was obnoxious to defendant's objection and inadmissible under the complaint. The trial court, therefore, did not err in its findings and conclusions in which it disregarded the effect of the evidence.

The judgment is affirmed, at appellant's cost.

WEBER, C. J., and GIDEON and FRICK, JJ., concur.

For the reason that the term of office of Hon. E. E. CORFMAN, who was Chief Justice, expired after the presentation and submission of the foregoing case at the October, 1922, term, and that the opinion was filed after his retirement from office, his name is omitted from the opinion.