BONESTEEL and another VS. ORVIS.

PRACTICE. (1) *Appealable order.* (2) *Dismissal for want of prosecution.*

1. An order which vacates a previous order dismissing an action for want of prosecution, is appealable.
2. After a judgment has been reversed in this court, and the record remitted to the court below, with directions for a new trial or for further proceedings, the statute (ch. 185, Laws of 1864) provides that unless " proceedings shall be had " within one year from the entry of such order in this court, the cause shall be dismissed, unless the court, for good cause shown, shall order otherwise. Where, in such a case, plaintiff's attorney served on defendant's attorney, within the year, a notice that the cause had been remitted, and that on a day named (after the expiration of the year) he would move the circuit court to vacate its judgment: *Held,* that such notice (though, perhaps, unnecessary) was such a " proceeding," within the meaning of the statute, as would prevent the dismissal of the action.

APPEAL from the Circuit Court for *Winnebago* County.

After a judgment in favor of the plaintiffs had been reversed on appeal, and a new trial ordered, the defendants procured an order dismissing the action for want of prosecution. From an order vacating that order the defendant appeals. The case sufficiently appears in the opinion.

*Blair & Coleman,* for appellant :

The notice of motion served here was not such a proceeding as would keep the cause in court under ch. 185, Laws of 1864. It was a motion not known or recognized in the practice of this state, and not necessary nor proper. The judgment was already vacated, and the cause again at issue in the circuit court. Upon filing the remittitur containing a copy of the

judgment of the supreme court, that became the judgment of the court below. Even in New York, where the practice in respect to enforcing judgments of the appellate court is different, it has been held that after an order for a new trial has been granted by the court of appeals, the court below could go on and try the cause, before the remittitur was filed. *Judson v. Gray*, 17 How. Pr., 289. The notice served was not a continuing notice, and, not being heard until three weeks after the day specified by it, could have no effect as a proceeding in the case. By the statutes, the cause stands discontinued, though an order discontinuing it would be proper. Such an order could prob- ably be entered of course, and could not be vacated without showing good cause for the plaintiff's delay in the prosecution of his action.

*Edward S. Bragg*, for respondent.

COLE, J. It seems to us that there can be no doubt about the appealability of this order. It is one which vacates a previous order made, dismissing the action for want of prosecution. The action was dismissed because, as it was claimed, no proceedings had been taken in the court below within a year from the time of entering a judgment of reversal in this court, and ordering a new trial. In *Walsh v. Dart*, 19 Wis., 433, such an order was reviewed by this court; and, although no objection was there taken that the order was not appealable, yet, had it been, we are confident it would have been overruled.

The defendant contends that, as the action was properly dismissed under chap. 185, Laws of 1864, this order should not have been made. It appears that the judgment of reversal and for a new trial was made and entered in this court February 28, 1868. On the 23rd of February, 1869, the plaintiff's attorney served upon the attorney of the defendant a notice to the effect that the cause had been remitted to the circuit court, and that, on the 3rd of March following, he should move the circuit court to vacate its judgment theretofore rendered, pur-

suant to the order of the supreme court.    No further proceedings were had in the cause until the 26th of March, 1869, when the judge of the Fond du Lac circuit court endorsed upon the notice the following: "I decline giving any direction or making any order in the above entitled action, having been of counsel in the cause."    The circuit judge being thus disqualified to act, no other proceedings were taken until February 1, 1870, when, on the suggestion of said judge, the cause was sent to the circuit court for Winnebago county, where it was subsequently dismissed.

These being the material facts, the question arises, Was the cause properly dismissed for want of prosecution?  Chapter 185 provides, that, where the supreme court orders a new trial or further proceedings, the record shall be transmitted to the court below, "and proceedings shall be had thereon within one year from the time of entering in the supreme court such an order for a new trial or further proceedings, or, in default thereof, such cause shall be considered and treated as discontinued and dismissed, unless the court, for good cause shown, shall order otherwise."    The manifest object of this statute is to secure a proper degree of diligence in the prosecution of suits which have been brought to this court and a new trial ordered.    And, unless some step is taken in the cause within a year after the reversal in the supreme court, the action is to be treated as discontinued.    In this case we think there were proceedings taken before the limitation expired.    The counsel for the plaintiffs gave the notice before referred to, that he should make a motion therein to have the judgment theretofore entered, vacated, pursuant to the order of this court.    It is said that such a motion was entirely unnecessary, and not recognized in the practice in this state.    It may be that no formal motion of this kind is essential, but we cannot say that it was improper and that it was not a proceeding in the cause within the spirit and intent of chap. 185.    We are inclined to the opinion that it was such a proceeding, and that the circuit court very

properly vacated the order of dismissal as being improvidently made.

*By the Court.*—The order of the circuit court is affirmed.