E. M. TRUAX, Appellant, v. CHAS. ALTON, Respondent.

(179 N. W. 992.)

**Appeal and error — vacation of default will not be disturbed excepting for abuse of discretion.**

1. Where the district court has made its order opening and vacating a judgment entered by default against a garnishee, for the purpose of permitting a meritorious defense, its action, as a rule, will not be disturbed, unless an abuse of discretion appears.

**Garnishment — vacation of default against garnishee on terms held not error.**

2. In a garnishment proceeding in the district court the disclosure of the garnishee was taken thirty-three days after the service of the garnishee summons. On the same date, the defendant served his answer claiming the proceeds as disclosed to be exempt. Nevertheless, the plaintiff, upon an affidavit of default, entered judgment against such garnishee. Thereafter, the court, upon motion made for relief from such default, vacated such judgment and permitted the answer served to stand as an answer in such action. It is *held* that the trial court did not err in so doing.

Opinion filed October 25, 1920. Rehearing denied November 23, 1920.

Appeal from an order vacating a default judgment against a garnishee, in District Court, Divide County, *Fisk,* J.

Affirmed.

*Brace & Stuart,* and *John E. Greene,* for appellant.

"Exemptions are favorably considered by the court, but in order that one may come within the protection of the statute the statute must be obeyed. . . . If, therefore, he does not assert his claim within the

time and in the manner prescribed by law, his rights are waived." Bursell v. Goldstein, 23 N. D. 257.

In the majority of jurisdictions the rule is laid down that a voluntary general appearance on the part of the garnishee waives all irregularities in the garnishment proceedings, such as defects in the writ or summons, or in the service, at least in so far as the rights of the garnishee are thereby affected. 20 Cyc. 1057; McShane v. Knox, 103 Minn. 269, 114 N. W. 955.

*George P. Homnes,* for respondent.


BRONSON, J. *Statement.*—This is an appeal from an order vacating a judgment against a garnishee. The facts necessary to be stated are as follows:

On May 21, 1919, the plaintiff instituted an action in district court against the defendant to recover for goods sold. At the same time he issued a garnishee summons against A. H. Anderson, agent for the Continental Fire Insurance Company, based upon an affidavit for garnishment that such insurance company had money in its possession belonging to the defendant. On June 24, 1919, said A. H. Anderson, agent, made his affidavit admitting that the said insurance company was indebted to the defendant for loss by fire under an insurance policy amounting to $800, $300 of which was assigned by indorsement on the policy. On the same date, June 24th, the defendant served an answer to the garnishment proceedings, claiming that the proceeds of such policy were exempt. On the same date, one of the attorneys for the plaintiff made his affidavit that more than thirty days had elapsed since the service of the process; that the defendant had not served an answer or demurrer and had not made any appearance in the action; but that he served in the garnishment proceedings on June 24, 1919. Pursuant to this affidavit for default the trial court on June 25, 1919, ordered judgment for $904, and interest and costs against the defendant in the main action, and against A. H. Anderson, as agent of the Continental Fire Insurance Company, garnishee, for $500. Pursuant to this order, on July 1, 1919, judgment was entered accordingly. On November 28, 1919, an execution was issued upon the principal judgment. Pursuant thereto, on December 1, 1919, the sheriff levied upon the $500 so disclosed by the said Anderson. On January 2, 1920, the defendant

served a motion to vacate the judgment entered against said Anderson, stating, among other grounds, that the judgment was entered without notice to the defendant, and that he was surprised by the entry thereof; and requesting that his answer served be allowed to stand as his answer in the garnishment proceeding. This was supported by the affidavit of the defendant, which stated, among other things, that on May 19, 1919, his home and furniture were destroyed by fire; that the policy of fire insurance was upon the furniture and household goods; that within three days after the service of the garnishment summons upon him, he served upon the officer by whom the garnishment summons was served, a notice of his claim for exemptions; and a schedule of all his personal property, which at such time consisted of said fire insurance policy. That, thereupon, he demanded a copy of the complaint, which was served on him on May 24, 1919; that said Anderson did not receive any money accruing upon such policy until June 24, 1919, more than thirty days after the garnishee summons was served upon him; that the defendant made his answer in the garnishment proceedings, claiming exemptions, on the same date that said Anderson made his disclosure; that the $500 was the proceeds of his insurance upon such household goods; that the same was exempt; that he had no notice of any further proceedings, or that a judgment was entered, until the execution was issued and the money seized by the sheriff of the county, and not until then did he know that his claim for exemptions was ignored. Thereto attached also is an affidavit of one Prickett, that the claim for exemption was served on the constable on May 22, 1919, and thereto appended is the schedule of his personal property and his affidavit. The schedule shows this policy of fire insurance. The affidavit states that the same is statement of all his personal property; that he is the head of the family and is a resident of the county of Divide, North Dakota.

Upon this motion the trial court, after hearing, entered its order vacating the judgment against said Anderson and permitting defendant's answer to stand as such in the garnishment proceedings. In this order the court, among other things, stated that the defendant suffered a loss by fire of his home and furniture on May 19, 1919. That the $500 owing by the Continental Fire Insurance Company was the proceeds from the fire insurance policy upon such furniture. That said

Anderson received such proceeds on June 24, 1919; that on that date the defendant demanded such proceeds, and claimed the same as exempt from garnishment or execution, and that immediately he served such demand and claim upon the attorneys for the plaintiff, and served his answer therefor. The plaintiff had notice of defendant's claim of exemption; but nevertheless entered judgment against such Anderson for such sum without notice to the defendant.

*Opinion.*—We are clearly of the opinion that the trial court did not err in vacating such judgment against the garnishee. Pursuant to § 7483, Comp. Laws 1913, the trial court was authorized in its discretion to allow an answer to be made to this garnishment proceeding even after the time limited. The answer, upon its face, presents a meritorious defense. In such cases, where the court has made its order opening and vacating a judgment entered by default for the purpose of permitting a meritorious defense, its action will not, as a rule, be disturbed, unless an abuse of discretion appears. Citizen's Nat. Bank v. Branden, 19 N. D. 489, 493, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Keeney v. Fargo, 14 N. D. 419, 423, 105 N. W. 92; Cline v. Duffy, 20 N. D. 525, 527, 129 N. W. 75; First State Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824. It certainly may not be deemed an abuse of discretion to permit an answer in a garnishment proceeding to be interposed on the same day that the disclosure in such garnishment proceedings is taken. See Braseth v. Bottineau, 13 N. D. 344, 100 N. W. 1082. The order in all things should be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL and GRACE, JJ., concur.

ROBINSON, J. I dissent.