HERBERT N. CROONQUIST, Appellant, v. WILLIAM WALKER and Margaret Walker, his Wife, Respondents.

(196 N. W. 108.)

**Judgment — necessary showing for relief from default judgment stated.**

1. In order to obtain relief from a default judgment under the provisions of § 7483, Comp. Laws 1913, a defendant applying therefor must show (1) that such judgment was taken by reason of mistake, inadvertence, surprise or excusable neglect, (2) that after becoming apprised of his default, he acted with reasonable diligence, and (3) that he has a good defense upon the merits to a substantial portion of the cause of action sued upon.

**Appeal and error — application to vacate default judgment addressed to discretion of court; order on application to vacate default judgment not disturbed unless abuse of discretion shown.**

2. An application to vacate a default judgment on the ground of surprise, mistake or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts existing in the case, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown. State Bank v. O'Laughlin, 37 N. D. 532.

Opinion filed November 30, 1923.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Judgments, 34 C. J. §§ 537 p. 317 n. 50; 550 p. 329 n. 55; 583 p. 375 n. 7; 674 p. 422 n. 25; 677 p. 430 n. 91.

---

Note.—(1) Right to open default as affected by character of defense, see notes in 61 L.R.A. 746; L.R.A.1916F, 839; 15 R. C. L. 709; 3 R. C. L. Supp. 487.

(2) Order vacating judgment not disturbed by appellate court unless abuse of discretion shown, see 2 R. C. L. 215; 1 R. C. L. Supp. 451.

Appeal from an order of the District Court of Stutsman County, opening and vacating a default judgment, *Coffey, J.*

Modified and affirmed.

*J. S. Carr,* for appellant.

*S. E. Ellsworth,* for respondents.

"It is however, the general rule upon application to vacate a judgment entered by default, where there is a sufficient affidavit of merits, and where the answer presented discloses a good defense upon the merits, and a reasonable excuse for delay occasioning default is shown and no substantial prejudice is shown to have arisen from the delay, the court should open the default and permit the case to be tried upon the merits. Where the circumstances are such as to place the court in doubt, it is the better rule to resolve the doubt in favor of the application to open the judgment." Northern Commercial Co. v. Goldman, 37 N. D. 543, 164 N. W. 133; Citizen's State Bank v. Branden, 19 N. D. 489, 126 N. W. 102; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; First State Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824.

"Where the district court has made its order opening and vacating a judgment entered by default for the purpose of permitting a meritorious defense, its action will not, as a rule, be disturbed, unless an abuse of discretion appears." Truax v. Alton, 46 N. D. 548, 179 N. W. 992.

This court has held that "the neglect of attorney regularly retained to prepare and serve an answer in a case before the time for answering expires, when occasioned by intense absorption of mind in the conduct of another case involving a charge of murder in the first degree, is 'excusable negligence' within the meaning of the statute providing for the opening of a judgment entered on default of answer." Citizens Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

"If a party is prevented by sickness from preparing his case or attending the trial, and the circumstances are such that his personal attention and presence are necessary to the due protection of his rights, the judgment against him may be set aside on the ground of 'casualty or misfortune' or of excusable neglect." 23 Cyc. 945 and cases cited under note 41.

"The facts set out in the motion papers, and relied upon as grounds

of excuse for the default, may be met and opposed by counter affidavits, and in the consideration of the same, the ruling to be made in the trial court rests in the sound discretion of that court except in cases of abuse." Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16.

NUESSLE, J. On October 13th, 1922, the plaintiff began this action against William Walker and Margaret Walker, his wife, to recover on account of goods, wares and merchandise sold to the defendant William Walker. The complaint alleges that the defendants were husband and wife; that the plaintiff sold to the defendant William Walker groceries, household goods and wearing apparel of the agreed value of $1,701.34; that the defendants promised to pay therefor; that payment has been demanded; and that nothing has been paid thereon excepting the sum of $177.95, and demands judgment for the balance together with interest thereon. Service was made on both the defendants on October 13th, 1922. Both defendants defaulted, and on December 7, 1922, default judgment was entered for the sum of $1,839.19 and costs. William Walker died on February 7, 1923. On February 8, 1923, the plaintiff procured the issuance of an execution and the sheriff made a levy thereunder on certain real estate belonging to Margaret Walker. On March 15th the defendant Margaret Walker made application to the district court to have the default opened and the judgment vacated, and for leave to answer for herself personally and as administratrix of the estate of William Walker, deceased.

At the time of the making of such application the defendant made and served an affidavit of merits and a proposed answer. In her application and affidavit the defendant set out and alleged that on the 13th day of October, 1922, the date of the service of the summons and complaint on her and William Walker, that the said William Walker was and long prior thereto had been afflicted with a painful and incurable disease—cancer of the stomach; that he was then sick and weak, having recently submitted to a serious surgical operation on account of such disease; that he was incapacitated to take care of his business affairs; that he was operating a large farm; that the defendant Margaret Walker, by reason of the infirmity of the said William Walker, was engaged in looking after the operation of the farm, the care of her family and the care and nursing of the defendant William Walker; that she had

little knowledge of business affairs or of matters pertaining to litigation, and that she did not comprehend the purport of the proceeding as evidenced by the papers served upon her and on her husband; that the said William Walker continued to decline in health; that on the 7th day of February he was compelled to and did submit to a further operation in the hope of prolonging his life; that such operation was unsuccessful, and that he died on the 7th day of February, 1923; that by reason of these facts and the preoccupation and distraction of mind occasioned thereby, both affiant and William Walker overlooked the matter, and neglected to answer therein; that the said William Walker was unaware that any default judgment had been taken against him, and that the defendant Margaret Walker was unaware of any default judgment as against her; that certain property belonging to the defendant Margaret Walker, individually, was levied upon on the 8th day of February, 1923; that the first knowledge or notice that the defendant Margaret Walker had of the entry of any judgment as against her or William Walker was on the 20th of February, 1923; that the defendant lived upon a farm remote from town; that she was unable to procure legal advice immediately on account of her trouble and on account of the inclemency of the weather; that as soon as she was able so to do she did procure counsel; that she made a full and fair disclosure of the matters and things pertaining to the cause to such counsel, and that she was advised by him that she had a good, meritorious and complete defense to a substantial portion of the cause of action as set out in the complaint; that the facts constituting such defense were set out in the proposed verified answer attached to and made a part of the application. In such answer the defendant admits that William Walker did purchase goods, wares and merchandise from the plaintiff but denies that they were of the reasonable or agreed value as alleged, and denies that she or the defendant William Walker agreed to pay therefor or acknowledged indebtedness in the amount as alleged; and alleges that the goods were in fact of less value than set out in the complaint, and that larger sums were paid on account thereof than are credited in the complaint, and that in no event is the plaintiff entitled to a judgment in any greater amount than $800. Prior to the date set for the hearing of the application to vacate, counter-affidavits were submitted by the plaintiff.

After a consideration of the showing as made, the district court

granted the application, opened the default, and set aside and vacated the judgment with leave to the defendants to answer over. From this order as made by the district court, this appeal was taken.

The appellant contends that the order opening the default and vacating the judgment was improvidently made; that it was an abuse of discretion on the part of the trial court; that the answer does not set up a good and valid defense; that in any event, viewing the showing in the light most favorable to the defendants, it appears that the plaintiff is entitled to a judgment in the amount of $800, and that even though it be held that the order opening up and vacating the judgment was properly made, that nevertheless such order should have provided that the judgment remain as a lien upon the property of the defendants for such amounts as might be adjudged against them upon the trial of the cause upon its merits.

The rule is well established that under our statute (Comp. Laws 1913, § 7483) before a defendant may have a default judgment opened and vacated, he must affirmatively show that such judgment was taken by reason of mistake, inadvertence, surprise or excusable neglect on his part; that after becoming apprised of his default, he acted with reasonable diligence in seeking relief therefrom; and, third, that he has a good defense upon the merits. The statutory provision as to the opening up and vacating a default is intended to enable a party having a reasonable excuse and acting with diligence, an opportunity to establish any meritorious defense that he may have, and while such statutory provision should be liberally construed to the end of promoting justice, relief under it is a matter of sound judicial discretion, and a trial court, having passed upon the showing made, its order will not be disturbed unless it appears that there was an abuse of discretion. Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135; Truax v. Alton, 46 N. D. 548, 179 N. W. 992. In this particular case it appears to us plain, considering the fact of the mortal illness and death of the defendant William Walker, and all the other circumstances as disclosed, that there was reasonable cause for the neglect of the defendants in failing to answer. Surely, if the facts as set out in the application of the defendant be true, it would be difficult to find a stronger case of excuse: Every instinct of humanity rises to exculpate the default. The trial

court, having passed upon the showing as made, and having found the facts as stated to be true, we hold without hesitation that there was no abuse of discretion. Likewise, it appears from the showing as made that the defendant acted with reasonable diligence in making the application to vacate, and likewise we must hold that the ruling of the trial court in that respect should not be disturbed.

We have considered the proposed answer of the defendants. We are satisfied that it states a defense to a substantial portion of the claim sued upon. We are not concerned with the question as to whether or not the defendants can establish the defense pleaded. In our consideration of the matter here, the affidavit of merits and answer are conclusive. Farmers & M. State Bank v. Stavn, supra; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1012. We do not believe that the statute contemplates that one seeking relief under its terms is required to plead a defense to the whole of the cause of action sued upon. If the answer sets out a defense to a substantial portion of such cause of action, it is sufficient. A defendant, having such a defense, should be permitted to avail himself of it. G. S. Congdon Hardware Co. v. Consolidated Apex Min. Co. 11 S. D. 376, 77 N. W. 1022; Kime v. Fenner, 54 Neb. 476, 74 N. W. 869; Gumaer v. Bell, 51 Colo. 473, 119 Pac. 681; Culbertson v. Salinger, 122 Iowa, 12, 97 N. W. 99; 23 Cyc. 963, note 40.

Holding thus, we must hold that there was no error on the part of the trial court in vacating the judgment and granting leave to the defendants to answer over. It appears, however, that on the face of the answer, the plaintiff is entitled to judgment for at least a part of the claim sued upon. That being the case, we believe that there should be some assurance that he may not suffer the loss of any advantage of position secured by virtue of the judgment vacated. Therefore, while the order vacating the judgment should be permitted to stand, nevertheless justice will be done by providing that such judgment so vacated shall stand as security for any judgment the plaintiff may recover on a trial of the action on its merits.

The order appealed from will be modified accordingly, and so modified, will be affirmed. Neither party to recover costs on this appeal.

Bronson, Ch. J., and Christianson, Johnson, and Birdzell, JJ., concur.