HERBERT N. CROONQUIST, Respondent, v. WILLIAM WALKER and MARGARET WALKER, Appellant.

(214 N. W. 871.)

**Appeal and error — "proceedings" defined.**

1. Under the provisions of § 7845 of the Code requiring proceedings to be had within one year from the date of an order in the Supreme Court, and returning the case to the District Court for further proceedings, the term "proceedings" means any step taken, and required to be taken, to bring the case on for trial.

**Appeal and error — serving notice of trial held "proceedings."**

2. The service of a notice of trial, the placing of the case on the calendar for trial, and the subsequent stipulation of the parties to continue the case over

subsequent terms are "proceedings," within the purview of § 7845, Comp. Laws 1913.

**Appeal and error — "proceedings" prevents dismissal.**

3. Where such "proceedings" have been taken against the defendant, the defendant cannot invoke the provisions of § 7845, requiring dismissal.

**Appeal and error — dismissal — several defendants.**

4. Where the complaint shows a cause of action against two or more deiendants where each defendant is jointly and severally liable, the dismissal of the case against one defendant under the provisions of § 7845, Comp. Laws 1913, does not necessarily require dismissal as against the other defendant.

Opinion filed May 7, 1927. Rehearing denied August 16, 1927.

Appeal and Error, 4 C. J. § 3286 p. 1231 n. 27; § 3287 p. 1231 n. 38.

Appeal from the District Court of Stutsman County, *Coffey,* J. Affirmed.

*S. E. Ellsworth,* for appellant.

"The authority of the trial court in the case at bar to refuse to grant the motion to dismiss the action must rest upon good cause shown. . . . But the law does not authorize the trial court to deny a motion to dismiss when no good cause is shown, much less when no cause whatever is shown." Meadows v. Osterkamp, 23 S. D. 462, 122 N. W. 419.

"Though husband and wife are made liable by law for expenses of the family the acceptance of the husband's note therefor merges the original cause of action, and the wife is not liable on the note." Kelly v. Canon (Colo.) 41 Pac. 833.

"The liability of the wife for family expenses is purely statutory. . . . The liability thus created cannot be thus enlarged by any act of the husband, nor should it be extended by judicial construction." McCartney v. Carter (Iowa) 105 N. W. 339.

*James Morris* and *J. S. Carr,* for respondent.

"It is discretionary with the trial court, whether, after the expiration of a year from date of the order granting a new trial, it shall, upon proper application or motion made, dismiss the action or retain it for trial." Harris v. Hessin, 46 N. D. 330, 179 N. W. 698.

"A decree dismissing a portion of the codefendants removes them

from the jurisdiction of the court, but of course does not affect proceedings against the other parties properly served." 6 Enc. Pl. & Pr. 986.

BURR, J.   The defendant, Margaret Walker, appeals to this court from an order of the district court of Stutsman county refusing to grant her motion to dismiss this case as to both defendants; the motion being made under the provisions of § 7845 of the Compiled Laws.

This action was commenced October 13, 1922, by the service of the summons and complaint upon William Walker, and Margaret Walker, his wife.   The complaint alleges, in substance, that the plaintiff sold and delivered to the two defendants between October 12, 1916, and October 15, 1919, goods and wearing apparel worth and of the value of $294.58, between October 15, 1919, and June 30, 1921, groceries, household goods, and wearing apparel worth and of the value of $1,163.37, and between June 30, 1921, and April 28, 1922, groceries, household goods, and wearing apparel worth and of the value of $243.39; that defendants are husband and wife and both promised and agreed to pay such sums; and that no part thereof has been paid except the sum of $177.95 paid on the $1,163.37 account.   Judgment was entered against both defendants by default on the 7th day of December, 1922.   William Walker died on or about the eighth day of February, 1923, and on March 15, 1923, the defendant, Margaret Walker, for herself and for the estate of William Walker deceased, moved the court to vacate the default judgment and to permit the defendant to answer, which motion was accompanied by a proposed answer alleging, in substance, "that William Walker did purchase goods, wares, and merchandise from the plaintiff but denies that they were of the reasonable or agreed value as alleged; and denies that she or the defendant William Walker agreed to pay therefor or acknowledge the indebtedness in the amount as alleged; and alleges that the goods were in fact of less value than set out in the complaint, and that larger sums were paid on account thereof than are credited in the complaint and that in no event is the plaintiff entitled to a judgment in any greater sum than $800." See Croonquist v. Walker, 50 N. D. 388, 391, 196 N. W. 108. On this application Mr. S. E. Ellsworth appeared for the defendants and the motion was granted.   The plaintiff appealed from this order

granting the motion, but this court upheld the lower court and modified the order appealed from so as to permit the judgment so vacated to "stand as security for any judgment the plaintiff may recover on a trial of the action on its merits." Croonquist v. Walker, supra. The remittitur was dated November 30, 1923, and shortly thereafter was filed with the district court. In May, 1923, the will of William Walker, deceased, was admitted to probate, and one George T. Richmond was appointed executor of the estate. On May 6, 1924, notice of trial was served upon Mr. Ellsworth, describing him as attorney for both defendants; but he admitted service as attorney for the defendant, Margaret Walker only, and on the twelfth day of May, 1924, he notified the plaintiff he no longer represented the estate. At the call of the calendar in the June, 1924, term of court, a motion was made in open court to substitute the executor of the estate as defendant in place of William Walker, deceased. This motion was granted and the case continued over the term. Apparently the pleadings were never amended to show the substitution of the executor, nor were any amended pleadings ever served upon the executor; neither does the record show that any counsel ever represented the executor. The minutes of the December, 1924, term of court, show an oral stipulation made in open court continuing the case over the term. Nothing further is shown by the record until the December, 1925, term, at which time a motion was made by some undisclosed person to strike the case from the calendar, which motion was granted. On October 18, 1926, the defendant, Margaret Walker, made this motion to dismiss the case as to both defendants, and on a hearing the court dismissed the case so far as the estate was concerned; but denied the motion as to Margaret Walker. From this order, so far as it denies the motion to dismiss as to her, the defendant Margaret Walker appeals.

Counsel for appellant devotes some time to the discussion of the nonliability of the defendant, Margaret Walker, because of alleged promissory notes given by her husband as evidences of these claims, which notes it is alleged were not signed by her; but the pleadings say nothing about these notes. The counsel also discussed the liability of the defendant Margaret Walker under the provisions of § 4414 of the Supplement to the Code, making husband and wife jointly and severally liable for debts contracted by either of them, while living together,

when such debts are for certain household necessities. It may be that the plaintiff, when drafting the complaint, had in mind this special liability of the wife for household necessities; but the complaint as drafted sets forth a contract made with her as well as with her husband, the same as if she had ordered the goods on her own credit. It does not purport to be drafted under the provisions of the special statute, though even here our holding in Banner Mercantile Co. v. Hendricks, 24 N. D. 16, 138 N. W. 993, may apply. Hence we are not called upon to pass upon the relation of the complaint to § 4414 of the supplement; nor are we required to determine what effect, if any, the giving of promissory notes by the husband has upon any liability of the wife. These matters are not in issue. We are here determining whether the order of the district court refusing to dismiss the action as to Margaret Walker is correct under the facts in this case.

Both sides argue the disputed points as if § 7845 of the Code applied to a case where all that the Supreme Court did was to modify and sustain an order vacating a default judgment and permitting defendants to answer; and so we discuss the section without deciding that it does apply.

Section 7845 of the Code says: "In every case on appeal in which the supreme court shall order a new trial or further proceedings in the court below the record shall be transmitted to such court and proceedings had therein within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless upon good cause shown the court shall otherwise order."

If "proceedings" were had in this case within one year, then of course, the action should not be dismissed; but it is not in every case where no proceedings were had that the case must be dismissed; for "good cause" may be shown and in that case the court in its discretion may refuse to dismiss. "In its most comprehensive sense, the term 'proceeding' includes every step taken in a civil action, except the pleadings." Strom v. Montana C. R. Co. 81 Minn. 346, 84 N. W. 47. This, of course, means also required to be taken. Any such step taken, therefore, to bring the case on for trial is a "proceeding." The effect of the decision of this court in Croonquist v. Walker, supra, was to leave the case just as if the summons and complaint had been served, and an answer interposed. It became necessary therefore for the plain-

tiff to take some steps to bring his case on for trial, if he wanted it tried, and so he served notice of trial and had the case placed upon the calendar for trial. As is said in the case of Chapman v. Hill, 39 S. D. 58, 162 N. W. 931, the proceeding "which the statute directs shall take place within the year are the proceedings contemplated by the decision of this court." In the case cited plaintiff took no steps whatever to bring the case on for trial. In the case at bar the proceedings contemplated by this court were such proceedings as would be necessary after the answer had been interposed. The plaintiff took such steps and the record shows that part of the delay was occasioned by an oral stipulation which continued the case over a term,—the December, 1924, term.

In the case of Bonesteel v. Orvis, 31 Wis. 117, we have a case where judgment in favor of the plaintiffs was reversed on appeal and a new trial ordered, on or about February 28th, 1868. On the 23rd day of February, 1869, plaintiffs' attorney served a notice that the case had been remitted and that he would move the Court to vacate this judgment as ordered by the supreme court. About a year thereafter the case was transferred to the circuit court of another county, and nothing further was done until defendant secured an order dismissing the case for default of "proceedings." The plaintiff then secured an order vacating this order of dismissal and from the latter order defendants appealed. The supreme court of Wisconsin, in construing chapter 185, a statute similar to ours, says: "In this case we think there were proceedings taken before the limitations expired. The counsel for the plaintiffs gave the notice before referred to. It is said that such motion was entirely unnecessary. It may be that no formal notice of this kind is essential but we cannot say that it is improper and that it was not a proceeding in the case within the spirit and intent of chapter 185. We are inclined to the opinion that it was such a proceeding. . . ." The record showing that plaintiff took "proceedings" just the same as if the matter had never come to the supreme court, but issue had been joined upon the pleadings we cannot see this matter in a manner different from any case which was at issue but was allowed to be carried upon the calendar without trial. This court sustained the order vacating the default and thus endorsed the terms of the order, except wherein it was modified to permit the judgment already obtained to stand

as security for any judgment hereinafter obtained, and sent the matter back to the district court for such further proceedings as were necessary, and proceedings were had within a year.

As shown in the statement of facts some further proceedings were had after the expiration of one year; but before defendant's motion to dismiss. Plaintiff may take advantage of this delay even if there had been no proceedings within the year. Failure to act, of itself does not dismiss the case. There must be an order of dismissal based upon a motion to dismiss. Rex Buggy Co. v. Dinneen, 28 S. D. 640, 134 N. W. 814. But all the proceedings, before and after the time limit, show clearly that the plaintiff was moving, though somewhat leisurely.

This is not a case calling for the exercise of the discretion of the court because that no proceedings were had within the year. Under the complaint the dismissal of the action as against the estate does not affect the liability of the defendant Margaret Walker, and therefore the dismissal as to one defendant does not work a dismissal as to the other. The complaint shows each defendant jointly and severally liable.

There having been proceedings so far as the defendant Margaret Walker is concerned, the court properly overruled the motion to dismiss as to her, and therefore the order of the District Court is affirmed.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.